**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

DAVID ARMANDO BUTLER,

Petitioner,

v. Case No. 8:23-cv-2660-WFJ-UAM

SECRETARY, DEPARTMENT OF CORRECTIONS,

Respondent.
_______________________________________/

**ORDER**

David Armando Butler is a Florida prisoner serving a thirty-year sentence for aggravated battery in a prison, jail, or detention facility. He initiated this action by filing a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). With the Court's permission, Mr. Butler filed an amended petition. (Docs. 10, 11). Respondent now moves to dismiss the amended petition as time barred. (Doc. 15). In his reply, Mr. Butler does not dispute that this action is untimely. Instead, he seeks to excuse his tardy filing by invoking the doctrine of equitable tolling. (Doc. 17). After careful review, the Court concludes that the amended petition must be **DISMISSED as time barred**.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this proceeding. *Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1364 (11th Cir. 2009). Under AEDPA, a federal habeas petitioner has a one-year period to file a § 2254 petition. This limitation period begins running on the later of "the date on which the judgment became

final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). It is tolled for the time that a "properly filed application for State post-conviction or other collateral review" is pending in state court. 28 U.S.C. § 2244(d)(2).

Mr. Butler's conviction was affirmed on direct appeal on October 23, 2019. (Doc. 16-2, Ex. 6). He subsequently filed a motion for rehearing, which was denied on December 10, 2019. (*Id.*, Exs. 7, 8). Next, Mr. Butler filed a petition for writ of certiorari with the United States Supreme Court. (*Id.*, Ex. 13). That petition was denied on May 18, 2020. (*Id.*, Ex. 14). Mr. Butler's conviction became final the same day. *See Washington v. United States*, 243 F.3d 1299, 1300 (11th Cir. 2001) (holding that a "conviction becomes final" "when the Supreme Court either denies certiorari or issues a decision on the merits").

The AEDPA clock did not start at that point, however. That is because on April 30, 2020—before his certiorari petition was denied—Mr. Butler had filed a motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a). (Doc. 16-2, Ex. 15). That motion had tolling effect, *Ford v. Moore*, 296 F.3d 1035, 1040 (11th Cir. 2002), and it remained pending until the appellate mandate issued on May 5, 2021, (Doc. 16-2, Ex. 21). Thus, the AEDPA limitation period began to run the next day.

After 138 days of untolled time, on September 21, 2021, Mr. Butler filed another motion to correct illegal sentence. (Doc. 16-2, Ex. 26). That motion remained pending until the appellate mandate issued on July 18, 2022. (*Id.*, Ex. 28). The AEDPA clock did not resume at that point, however, because on December 8, 2021, Mr. Butler had filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. (*Id.*, Ex. 32, at

3). The Rule 3.850 motion had tolling effect, *Day v. Crosby*, 391 F.3d 1192, 1192-93 (11th Cir. 2004), and it remained pending until the appellate mandate issued on March 27, 2023. (Doc. 16-2, Ex. 35). The limitation period resumed the next day, leaving Mr. Butler 227 days—or until November 13, 2023—to file his federal habeas petition.[1] He missed the deadline by three days, filing his original petition on November 16, 2023.[2] (Doc. 1 at 1). Therefore, this action is untimely.[3]

Mr. Butler does not dispute these calculations. Instead, he seeks to excuse the untimely filing of his petition on the ground that he is entitled to equitable tolling. (Doc. 17). AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing" of his § 2254 petition. *Id*. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). A petitioner

---

[1] The last day of the limitation period—Friday, November 10, 2023—fell on a federal holiday (Veterans Day). Accordingly, Mr. Butler had until Monday, November 13, 2023, to file his federal habeas petition. *See* Fed. R. Civ. P. 6(a)(1)(C) ("[I]f the last day [to file] is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

[2] Mr. Butler subsequently filed an amended petition on February 23, 2024. (Doc. 11 at 1). For purposes of this Order, the Court assumes that the amended petition relates back to the filing date of the original petition. *See* Fed. R. Civ. P. 15(c)(1); *Haecker v. Sec'y, Dep't of Corr.*, No. 5:17-cv-89-WFJ-PRL, 2019 WL 1763221, at *4 (M.D. Fla. Apr. 22, 2019) (assuming, for purposes of deciding timeliness under AEDPA, that "the amended petition relates back to the original petition").

[3] Mr. Butler filed several other motions and petitions in state court, but for the reasons ably explained by Respondent, those filings had no tolling effect. (Doc. 15 at 11-13). The Court adds only that any petition for writ of certiorari filed *after* Mr. Butler's conviction became final did not toll the limitation period. *See Falconer v. Estes*, No. 5:19-cv-00664-LSC-JHE, 2019 WL 7758950, at *4 n.9 (N.D. Ala. Dec. 9, 2019) ("[C]ertiorari petitions to the United States Supreme Court do not toll the limitations period once it has started to run.") (citing *Lawrence v. Florida*, 549 U.S. 327, 336 (2007)), *adopted by* 2020 WL 429730 (N.D. Ala. Jan. 28, 2020).

must "show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011).

Because this is a "difficult burden" to meet, the Eleventh Circuit "has rejected most claims for equitable tolling." *Diaz v. Sec'y for Dep't of Corr*., 362 F.3d 698, 701 (11th Cir. 2004); *see also Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003) ("[E]quitable tolling applies only in truly extraordinary circumstances."); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) ("Equitable tolling is an extraordinary remedy which is typically applied sparingly."). "[T]he burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner," and "[m]ere conclusory allegations are insufficient to raise the issue of equitable tolling." *San Martin*, 633 F.3d at 1268.

To support his request for equitable tolling, Mr. Butler alleges that on October 1, 2023, prison officials "confiscated" "all of [his] property, including all of [his] legal documents." (Doc. 17 at 1). According to Mr. Butler, he did not recover his property until November 9, 2023, whereupon he "immediately and promptly prepared [his] § 2254 petition." (*Id.* at 2). Mr. Butler claims that, "but for this unforeseen occurrence, [he] would have been able to timely file the petition." (*Id.*)

These allegations are insufficient to warrant equitable tolling. The Eleventh Circuit has made clear that "periods in which a prisoner is separated from his legal papers are not 'extraordinary circumstances' in which equitable tolling is appropriate." *Dodd v. United States*, 365 F.3d 1273, 1283 (11th Cir. 2004); *see also Daniels v. Florida*, 769 F. App'x 809, 813 (11th Cir. 2019) ("[Petitioner's] separation from his legal materials does not

constitute an extraordinary circumstance."); *Mendoza v. Att'y Gen. of Fla.*, No. 16-17465-G, 2017 WL 6403505, at *4 (11th Cir. Apr. 13, 2017) ("Denial of access to legal papers does not constitute an extraordinary circumstance that would justify equitable tolling."). Moreover, Mr. Butler offers "only the conclusory allegation that he was denied access to . . . his records, [and he] fail[s] to allege how his inability to obtain legal materials thwarted his efforts to file a timely federal proceeding." *Paulcin v. McDonough*, 259 F. App'x 211, 213 (11th Cir. 2007).

Because Mr. Butler fails to show that equitable tolling applies, the amended petition is dismissed as time barred.[4]

Accordingly, it is **ORDERED** that:

1. Mr. Butler's amended petition (Doc. 11) is **DISMISSED as time barred**.
2. The **CLERK** is directed to enter judgment against Mr. Butler and to **CLOSE** this case.
3. Mr. Butler is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's dismissal of his petition. 28 U.S.C. § 2253(c)(1). To obtain a certificate of appealability, Mr. Butler must show that reasonable jurists would debate both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because the amended petition is time barred, Mr. Butler cannot satisfy the second prong of the *Slack*

[4] Mr. Butler does not contend that the actual-innocence exception excuses the untimely filing of his petition.

test. And because Mr. Butler is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida, on June 27, 2024.

**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**